IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL D. CHAPPELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-88-T |
| | ) | |
| JOHN WHETSEL, SHERIFF; BOARD OF COUNTY COMMISSIONERS; JIM ROTH, DISTRICT 1 COMMISSIONER; and BRENT RINEHART, DISTRICT 2 COMMISSIONER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Before the court is the Report and Recommendation [Doc. No. 11] filed by United States Magistrate Judge Valerie K. Couch in which Judge Couch recommends that this action be dismissed pursuant to 28 U. S. C. § 1915A and 28 U. S. C. § 1915(e)(2)(B) and (C) for failure to state a claim upon which relief may be granted. She further recommends that the dismissal count as a prior occasion or "strike" pursuant to 28 U. S. C. § 1915(g). Because plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

As Judge Couch points out, plaintiff was incarcerated at the Oklahoma County Detention Center ("OCDC") when he filed this action; however, he has since been released. Based on his objection to the Report and Recommendation, he continues to seek some form of relief for the conditions of confinement to which he was allegedly subjected during his incarceration. To the extent he seeks injunctive relief consisting of a release from the facility, that request is, of course,

moot because he is no longer confined at OCDC[1].

In the Report and Recommendation, Judge Couch noted that plaintiff describes numerous complaints about the living conditions at OCDC, including overcrowded cells and shower rooms. Also, plaintiff complains about the imposition of a "lock down" as well as the conduct of other inmates, which he described as life-threatening, and the failure of detention officers to respond to violent incidents involving other inmates. He also complains that OCDC booking procedures do not require screening for contagious diseases and that he was housed with an inmate who suffers from hepatitis. Among his other complaints are that the OCDC is understaffed, that the conditions are unclean and unsanitary, and that the building itself is dangerous because it was constructed on an unstable foundation.

As required by 28 U. S. C. § 1915A(a), Judge Couch reviewed the complaint upon filing to determine if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. If the complaint fails to satisfy these screening requirements, it must be dismissed. 28 U. S. C. § 1915A(b).

As the magistrate judge first noted, it is not clear whether plaintiff sues the defendants in their official or individual capacities. She correctly noted that a suit against defendants Whetsel, Roth, Rhinehart and the Board of County Commissioners in their official capacities is effectively a suit against Oklahoma County; it is well-established that a county cannot be liable under 42 U. S. C. § 1983 for the acts of its agents. *See, e.g.,* Monell v. Department of Social Services of New York, 436 U.S. 658, 691 (1978). It can be liable where an action taken pursuant to official county policy

---

[1]*Although plaintiff takes issue with this portion of the Report and Recommendation and appears to interpret same as meaning that he sought only injunctive relief, the Report and Recommendation is not limited only to his request for injunctive relief.*

caused a constitutional violation. *Id.* at 691.

In this case, construing the complaint most liberally in plaintiff's favor, there is no allegation that the conditions about which he complains resulted from a policy of the county which allegedly led to these conditions. Neither is there an allegation sufficient to show that any official policy was the moving force behind the allegedly unconstitutional conditions, as required under the governing law. *See* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).

The court agrees with Judge Couch that even the most liberal construction of the complaint shows that plaintiff has failed to allege facts which are sufficient to create a question of liability for the county or for the defendants in their official capacities. Therefore, to the extent the claims are asserted against defendants in their officials capacities, it must be dismissed for failure to state a claim.

Judge Couch also reviewed the complaint to determine if plaintiff had alleged sufficient facts to state a claim for relief against defendants in their individual capacities. Again, construing the allegations most liberally in favor of plaintiff, he has failed to include facts which could show that the defendants personally participated in the alleged constitutional violations. Personal participation is an essential element of a § 1983 claim against an individual. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). It is not sufficient to allege that certain officials violated his rights, as the most generous construction of the complaint would, at best, show only that the named defendants had some supervisory authority. Government officials are not vicariously liable for the misconduct of their subordinates under § 1983. Serna v. Colorado Dep't of Corrections, 455 F.3d 1146, 1151 (10th Cir. 2006).

The complaint fails to include the essential allegations of a § 1983 complaint against these defendants in their individual capacities. Therefore, it must be dismissed for failure to state a claim for relief on that basis.

Finally, as Judge Couch concluded, plaintiff's allegations do not rise to the level of constitutional deprivations. To state a constitutional claim based on conditions of confinement, plaintiff must allege facts to show that the alleged deprivation is sufficiently serious and that prison officials acted with "deliberate indifference to inmate health or safety." Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir. 2006). As the magistrate judge pointed out, this circuit has held that the conditions about which plaintiff complains in this case are insufficient to satisfy that requirement. *See* DeSpain v. Uphoff, 264 F.3d 965, 973 (10th Cir. 2001) (rejecting a claim where the allegations included filthy cells, poor lighting, inadequate ventilation, and unappetizing food which continued for a short time period). In this case, plaintiff has not alleged that the conditions at issue continued for a lengthy period or that he suffered injury or harm as a result of same.

In any event, plaintiff's allegations fail to show the requisite state of mind to constitute "deliberate indifference," an essential element of his claim. He alleges no facts to show that the named defendants knew of risks to plaintiff and intentionally disregarded same.

Having fully reviewed the complaint in light of the governing law, the court concludes that Judge Couch correctly concluded that plaintiff has failed to state a claim for relief. The court has also reviewed plaintiff's objections to the Report and Recommendation, and finds that he has not presented argument or authority sufficient to warrant rejecting Judge Couch's recommendations.

Accordingly, having conducted a *de novo* review, the undersigned finds that the Report and Recommendation [Doc. No. 11] should be, and is, adopted. The complaint is dismissed upon filing

pursuant to 28 U. S. C. § § 1915A(b)(1) and 1915(e)(2)(B)(ii); the dismissal will be counted as a prior occasion or strike pursuant to 28 U. S. C. § 1915(g) after plaintiff exhausts or waives his appellate rights.

    IT IS SO ORDERED this 4th day of May, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE